CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JAN 26 2010

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIE L. JEFFRIES, | ) |
| | ) Civil Action No. 7:09CV00219 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By:  Hon. Glen E. Conrad |
| | )       United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Willie L. Jeffries, was born on June 9, 1954. Mr. Jeffries completed his high school education, though there is indication that he had some difficulty in school and that he received special accommodations. Following high school, Mr. Jeffries served in the United States Marines. Plaintiff has worked as a janitor, motor equipment operator, cook, highway department laborer, and

concrete vault maker. Apparently, he last worked on a regular and sustained basis in 2005. On April 12, 2006, Mr. Jeffries filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment on July 28, 2005 due to back problems, arthritis, multiple hernias, depression, and high cholesterol. Plaintiff now maintains that he has remained disabled to the present time. As to his claim for disability insurance benefits, the record reveals that Mr. Jeffries met the insured status requirements of the Act through the fourth quarter of 2007, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to a period of disability and disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before December 31, 2007. See gen., 42 U.S.C. § 423(a).

Mr. Jeffries' claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 6, 2007, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Jeffries suffers from severe impairments on the bases of degenerative disc disease, back and neck pain, hernia, and depression. Because of these impairments, the Law Judge ruled that plaintiff is disabled for all of his past relevant work roles. However, the Law Judge determined that Mr. Jeffries retains sufficient functional capacity for a limited range of light work activity. The Law Judge assessed plaintiff's residual functional as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range of light work. The claimant can lift or carry 10 pounds frequently, 20 pounds occasionally, can sit, stand, or walk about 6 hours each in an 8 hour day, and has no limits on pushing/pulling with the extremities. The claimant can perform frequent balancing, kneeling, and crawling, occasional stooping and crouching, but no climbing. The claimant has no visual or communicative limitations. The claimant can not perform overhead

reaching and has no other manipulative limitations. The claimant should avoid all exposure to hazards and has no other environmental limitations. Due to a moderate reduction in concentration secondary to depression, the claimant is limited to simple non-complex tasks. The claimant is able to maintain concentration, persistence, or pace for an 8 hour day for simple, non-complex tasks, and can interact adequately with supervisors, co-workers, and the public. (TR 22-23).

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge concluded that plaintiff retains sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Jeffries is not disabled, and that he is not entitled to benefits under either federal program. See gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g).

Mr. Jeffries sought review of the Law Judge's opinion by the Social Security Administration's Appeals Council. In connection with his request for review, plaintiff submitted additional evidence, consisting of school records. However, the Appeals Council eventually adopted the Law Judge's opinion as the final decision of the Commissioner. Having now exhausted all available administrative remedies, Mr. Jeffries has appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the

claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Jeffries has a history of musculoskeletal problems in his cervical spine and lumbosacral spine. He has sought treatment for pain and limitation of function associated with his musculoskeletal complaints. However, no doctor has detected any significant level of musculoskeletal dysfunction. All objective studies, including x-rays and MRIs, have proven unremarkable. His treating physicians have diagnosed degenerative, arthritic changes in the lumbosacral spine and cervical spine. No doctor has suggested that these problems are disabling in overall impact. Mr. Jeffries also has a history of inguinal hernias. He has undergone four hernia repairs. Following the most recent surgery in July of 2005, his incision was found to be well-healed with no evidence of recurrence. While plaintiff's propensity for hernias undoubtedly prevents heavy exertion, the court believes that the medical record is consistent with the Law Judge's finding of residual functional capacity for light levels of exertional activity. Mr. Jeffries also has a history of depression. More recently, his treating psychologist has opined that the condition is in remission. (TR 440). His psychiatrist has rated plaintiff's GAF at 75.[1] (TR 287, 483).

In short, the medical record fully supports the Law Judge's finding that Mr. Jeffries possesses sufficient functional capacity to engage in light work activity which does not require extensive use of the neck and shoulders. The court finds that the medical evidence also supports the Law Judge's

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. With a score of between 71 and 80, if symptoms are present, they are transient and expectable reactions to psychosocial stressors, and represent no more than slight impairment in social, occupational, or school functioning. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, Text Revision. Washington, D.C., American Psychiatric Association, 2000. P. 47.

determination that plaintiff's history of depression is not so severe as to prevent work activity in which he is not required to engage in intensive concentration or the performance of complex tasks. Indeed, the court believes that, in assessing plaintiff's residual functional capacity, the Law Judge gave plaintiff the benefit of the doubt and generally credited his testimony concerning his restrictions. The court finds that the Law Judge formulated appropriate hypothetical questions for the vocational expert, which took into account all of plaintiff's exertional and nonexertional limitations. The court believes that the vocational expert's assessment of the vocational record, and the assumptions under which the vocational expert deliberated, are both reasonable and consistent with the evidence in Mr. Jeffries' case. The court concludes that the Law Judge properly relied on the vocational expert's testimony in identifying alternate jobs which plaintiff could be expected to perform. The court concludes that the Law Judge's decision denying benefits is supported by substantial evidence.

On appeal to this court, Mr. Jeffries does not directly contest the Law Judge's assessment of the medical record. Instead, Mr. Jeffries contends that the Law Judge overstated his educational level. Mr. Jeffries maintains that his reading and writing skills are so deficient as to qualify him as functionally illiterate. Plaintiff argues that, given all of the other findings of the Law Judge, the medical vocational guidelines would direct a determination of disabled if plaintiff is deemed to be functionally illiterate. See Rule 202.09 of Appendix II to Subpart P of the Administrative Regulations Part 404. In this context, the court notes that Mr. Jeffries submitted school records to the Social Security Administration's Appeals Council which reflect sub-par academic performance during elementary school and high school. Inasmuch as the Appeals Council did not explicitly consider the new evidence in adopting the Law Judge's decision, and given the extent of the

academic deficiency reflected in the school records, Mr. Jeffries now seeks remand of his case to the Commissioner for further consideration of his claims for benefits.

It is true that this court has sometimes held that it is necessary to remand a case to the Commissioner for further consideration when the Appeals Council fails to give reasons for concluding that new evidence submitted directly to the Appeals Council is not such as to necessitate further consideration by the Law Judge. See Alexander v. Apfel, 14 F. Supp. 2d 839, 843 (W.D.Va. 1998). In the instant case, the Appeals Council gave no reason for concluding that the new school reports were not such as to justify further consideration. However, in Alexander, the court also noted that remand is sometimes unnecessary when it is clear upon review of such "interim" evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence. 14 F. Supp. 2d at 844, n. 3.

In the instant case, the court does not believe that the new evidence submitted to the Appeals Council is such as to require additional consideration by the Law Judge. While the new evidence does establish that plaintiff's performance in school was very poor, the existing record overwhelmingly supports the Law Judge's finding that Mr. Jeffries is literate, and that he possesses sufficient intellectual capacity to perform the alternate work roles proposed by the vocational expert. At the administrative hearing, Mr. Jeffries testified that while he had problems with spelling and mathematics, he graduated from high school. (TR 44). He testified that he flunked the third and sixth grades. (TR 46). However, he related that by the time he left school, he could read fairly well. (TR 46). He enjoys reading the Bible and articles from certain magazines. (TR 46-47). Moreover, the court agrees with the Commissioner's argument in support of his motion for summary judgment to the effect that the general tenor of the administrative hearing, as well as plaintiff's level of

articulation and word choice during the hearing, are consistent with a finding of literacy. More to the point, the school records submitted by plaintiff do not suggest that he is illiterate or that he possesses limitations in his ability to read and write which would affect his performance of regular work activity. The court concludes that there is no cause for remand of this matter to the Commissioner for further consideration of plaintiff's educational level.

For the reasons stated, the court finds that the Commissioner's disposition of the factual issues in this case is supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed. In affirming the final decision of the Commissioner, the court does not suggest that Mr. Jeffries is free of all pain, discomfort, weakness, and depressive symptoms. Indeed, the medical record confirms that plaintiff has suffered from a variety of physical and emotional problems which can be expected to result in some measure of subjective distress. However, it must again be noted that no doctor has produced clinical findings of significant musculoskeletal disorder. The medical record also confirms that Mr. Jeffries has received appropriate treatment for his inguinal hernias and depression. It must be recognized that the inability to work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. Indeed, as previously noted, the court believes that the Administrative Law Judge gave Mr. Jeffries the benefit of the doubt in assessing the degree of diminution of his residual functional capacity caused by his physical and emotional problems. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 26th day of January 2010.

/s/ Glen Conrad
United States District Judge